JOHN PETER LEE, LTD.
JOHN PETER LEE, ESQ.
Nevada Bar No. 001768
JOHN C. COURTNEY, ESQ.
Nevada Bar No. 011092
830 Las Vegas Boulevard South
Las Vegas, Nevada 89101
(702) 382-4044/Fax: (702) 383-9950
E-Mail: info@johnpeterlee.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARIELLEN M. WALLACE, individually; | CASE NO.: 2:10-cv-01855 |
| Plaintiff, | |
| v. | |
| USAA LIFE GENERAL AGENCY, INC., a foreign corporation; DOES I through X and ROE CORPORATIONS I through X, inclusive; | |
| Defendants. | |
| AND ALL RELATED CLAIMS | |

1950.023916 - tm

## MOTION IN LIMINE #1

COMES NOW Plaintiff/Counter-Defendant Mariellen Wallace by and through her counsel John Peter Lee, Ltd., and hereby files her Motion in Limine. This Motion is made and based upon all of the pleadings and papers on file herein, the attached Memorandum of Points and Authorities, and oral argument, if required by the Court.

...

...

...

...

...

...

...

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS.

The parties hereto (collectively the "Parties"), Plaintiff Mariellen M. Wallace (hereinafter "Wallace") and Defendant USAA Life Insurance Company, Inc. (hereinafter "USAA"), stipulated to a discovery plan and scheduling order (hereinafter "Scheduling Order") on or about December 13, 2010, which became an order of the Court on or about December 16, 2010. (#11). The last day for discovery pursuant to the Scheduling Order was July 19, 2011. (#11).

On or about January 7, 2011, USAA served Wallace with a copy of Defendant/Counter-claimant, USAA Life Insurance Company Inc.'s Required Initial Disclosure Pursuant to Fed. Rule Civ. P. 26(a)(1) (hereinafter "USAA's Initial Disclosure"). Exhibit "1". USAA named twenty one (21) witness in USAA's Initial Disclosure, none of which were insurance policy underwriters.

On or about February 17, 2011, USAA submitted on behalf of the Parties a Joint Interim Status Report. (#12). In that report the Parties reported to the Court that "[t]he [P]arties will continue with discovery and will follow all deadlines outlined in the Scheduling Order [emphasis added]." (#12). On or about May 18, 2011, Wallace submitted on behalf of the Parties another Interim Status Report whereby the Parties, again, reported to the Court that "[t]he [P]arties will continue with discovery and follow all deadlines outlined in the Scheduling Order [emphasis added]." (#13).

On or about June 9, 2011, USAA supplemented its list of witnesses pursuant to Rule 26(a)(1), naming eight (8) additional witnesses, none of which are insurance policy underwriters. Exhibit "2". On or about July 19, 2011, USAA again supplemented its Rule 26(a)(1) required disclosures naming no additional witnesses.[1] Exhibit "3".

In USAA's Initial Disclosure and supplemental disclosures, USAA named only two witnesses by specific name that are "likely to have discoverable information that [USAA] may use

---

[1]USAA's second supplement pursuant to Rule 26(a)(1) is erroneously designated as the third supplement.

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

1   to support its claims or defenses, unless solely for impeachment": (1) Merriellen M. Wallace, the

2   plaintiff and beneficiary of the subject policy; and (2) Alice Gearhart, USAA Life/Annuity Claims

3   and Benefits Advisor. Exhibits "1" through "3". The remaining twenty seven (27) witnesses named

4   by USAA are designated as "Custodian of Records and/or Person Most Knowledgeable," twenty six

5   (26) designating medical/pharmaceutical providers who provided treatment, medication or diagnoses

6   for the decedent, and one (1) designated for an insurance provider other than USAA. Id. None of

7   USAA's designated witnesses are insurance policy underwriters. Id. Moreover, the only witness

8   in this case that is an agent of USAA holds the title of "Life/Annuity Claims and Benefits Advisor."

9   Exhibit "1". The only witness from USAA is not a insurance policy underwriter.

10       The only insurance policy underwriters ever mentioned by USAA came after the discovery

11   cut-off date, giving Wallace no opportunity to depose them during the discovery period. (#18-4

12   Exhibit 4). The first witness regarding underwriting, Peter Morris (hereinafter "Morris"), was never

13   disclosed to Wallace until a month after the discovery period had ended, on the last day to file

14   dispositive motions. (*compare* #18 and #11). As an exhibit to USAA's Motion for Summary

15   Judgment, USAA provided the Affidavit of Peter Morris, wherein Morris provides inadmissible

16   hearsay testimony of the opinions of Katy Luebke and Kim Wilhoite (hereinafter "Luebke" and

17   "Wilhoite", respectively), two other underwriters not named as witnesses in the instant litigation.

18   (#18-4 Exhibit 4).

19       On or about October 11, 2011, the Court issued an order stating that "the expert report of

20   James L. Wadhams, Esq. (#14) is striken, and [USAA] is not permitted to call him as a witness or

21   use his report in support of any motion or at trial" on the grounds that USAA's expert witness

22   (hereinafter "Wadhams") was not timely disclosed. (#27). Wadhams was disclosed on June 17,

23   2011. (#27). Morris, Luebke and Wilhoite were never properly disclosed, and were mentioned for

24   the first time to Wallace by USAA on or about August 19, 2011, almost two months after Wadhams

25   was improperly disclosed. (#18-4 Exhibit 4). When Wallace attempted to resolve the improper

26   disclosure of Wadhams with USAA without Court intervention, USAA's counsel refused to

27   communicate with any substance to Wallace's counsel, and the Court found that "[i]t was clear that

28   [Wallace] attempted to resolve [the] issue via telephone conversation, and that the party not acting

1   in 'good faith' was [USAA]." (#27). Now, USAA is again attempting to interject witnesses into this

2   case in such a way that is repugnant to the Federal Rules of Civil Procedure, particularly because

3   USAA is again attempting to interject a witness, three more of them, into the case in such a way that

4   Wallace is not able to depose them. (#18-4 Exhibit 4).

5       This Motion *in Limine* is hereby made to prevent USAA from calling Morris, Luebke,

6   Wilhoite, or any other insurance policy underwriters as witnesses at trial.

7                                         **II.**

8                       **GENERAL STATEMENT OF THE LAW.**

9       **A.**    **Local Rule Regarding Motions *In Limine*.**

10      "Unless otherwise ordered by the court, motions *in limine* are due thirty (30) days prior to

11  trial. Oppositions shall be filed and served and the motion submitted for decision fifteen (15) days

12  thereafter. Replies will be allowed only with leave of the court." LR 16-3(b).

13      **B.**    **Substantive Law Regarding Disclosures Required Pursuant to FRCP 26.**

14      Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), "a party must, without awaiting a discovery

15  request, provide to the other parties the name and, if known, the address and telephone number of

16  each individual likely to have discoverable information – along with the subjects of that information

17  – that the disclosing party may use to support its claims or defenses, unless the use would be solely

18  for impeachment." Rule 26(a)(1)(E) requires that "[a] party must make its initial disclosures based

19  on the information then reasonable available to it." "Rule 26(e)(1)(A) requires disclosing parties to

20  supplement their prior disclosures 'in a timely manner' when the prior response is 'incomplete or

21  incorrect.' Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any

22  information required to be disclosed by Rule 26(a) that is not properly disclosed." Reynoso v.

23  Construction Protective Services, Inc., 2008 U.S. App. LEXIS 19681, 6 (9th Cir. 2008) (citation

24  omitted).

25  . . .

26  . . .

27  . . .

28  . . .

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

## III.

### LEGAL ANALYSIS.

**A.     USAA Should Not Be Permitted to Call Morris, Luebke or Wilhoite at Trial.**

USAA mentioned, but never disclosed pursuant to Rule 26, three insurance policy underwriters after the close of discovery. (*compare* Exhibits "1" through "3" & #18-4 Exhibit 4). Thus, not only has USAA failed to comply with the Scheduling Order and the Federal Rules of Civil Procedure once again, but USAA has again attempted to improperly interject witnesses into this case in such a way that Wallace is not afforded an opportunity to depose them. The Court did not allow this sort of trickery last time, and should not allow it this time. (#27). Therefore, Wallace prays that the Court will not permit USAA to call Morris, Luebke or Wilhoite as a witness or use their testimony in support of any motion or at trial.

**B.     USAA Should be Sanctioned Pursuant to Rule 37(c).**

Pursuant to Rule 37(c)(1), in pertinent part, "[i]f a party fails to. . .identify a witness as required by Rule 26(a). . ., the party is not allowed to use that. . .witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."   In addition, the Court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A). The Court may also "impose other sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."

Here, Wallace is again forced to incur costs and fees due to USAA's failures to comply with the Federal Rules of Civil Procedure. Wallace, was forced to file a protective order last time USAA deliberately ignored the Rules. (#27). Now, Wallace is forced to file this instant motion *in limine* to protect herself from additional discovery abuses on the part of USAA.  Wallace should be compensated, and USAA should be sanctioned, for the unnecessary litigation that Wallace has been forced to engage in.  Wallace, accordingly, prays that the Court will issue sanctions and/or award costs and fees in any manner that the Court deems just and proper under the Rules. Should the Court deem that attorney's fees and costs are appropriate, Wallace hereby seeks leave of the Court to file a post-hearing motion demonstrating the attorney's fees and costs that she has incurred on the part of USAA's repetitive rule-breaking.

- 5 -

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

C.    **Wallace Anticipates that USAA Will Proffer Some Sort of Excuse for its Repetitive Rule-Breaking; Thus, Wallace Hereby Seeks Leave of the Court to File a Reply to USAA's Opposition to this Motion.**

With regard to motions *in limine*, "Replies will be allowed only with leave of the court." LR 16-3(b). A reply will not prejudice any party, particularly because this case in not yet situated on the eve of trial and the instant motion *in limine* is filed well in advance of the cut-off date for such motions. However, Wallace may be prejudiced if she is not afforded leave to file a reply, particularly because Wallace cannot anticipate at this time what excuse USAA will have this time for violating Rule 26, so she prays that the Court will grant her an opportunity to confront that excuse when it becomes known to her.

**IV.**

**CONCLUSION.**

The Court should grant the instant motion *in limine*, award Wallace attorney's fees and costs, sanction USAA for repetitive discovery abuses, and grant Wallace leave to file a reply to USAA's opposition to the instant motion.

DATED this 12th day of October, 2011.

JOHN PETER LEE, LTD.

BY:
JOHN PETER LEE, ESQ.
Nevada Bar No. 001768
JOHN C. COURTNEY, ESQ.
Nevada Bar No. 011092
830 Las Vegas Boulevard South
Las Vegas, Nevada 89101
(702) 382-4044/Fax: (702) 383-9950
Email: info@johnpeterlee.com
Attorneys for Plaintiff

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 12 day of October, 2011, a copy of the **MOTION IN LIMINE # 1** was served on the following parties via email and by mailing a copy thereof, first class mail, postage prepaid, addressed to:

Kathleen M. Maynard, Esq.
Thorndal, Armstrong, Delk
Balkenbush & Eisinger
1100 East Bridger Avenue
Las Vegas, Nevada 89101
Email: kmaynard@thorndal.com
Attorney for Defendant

_____
An employee of
JOHN PETER LEE, LTD.

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

# EXHIBIT "1"

JAMES J. JACKSON, ESQ.
Nevada Bar No. 3083
KATHLEEN M. MAYNARD, ESQ.
Nevada Bar No. 10675
THORNDAL, ARMSTRONG, DELK
BALKENBUSH & EISINGER
1100 E. Bridger Avenue (89101)
P.O. Drawer 2070
Las Vegas, NV  89125-2070
Phone:  (702) 366-0622
Fax: (702) 366-0327
jjackson@thorndal.com
kmaynard@thorndal.com

Attorneys for the Defendant/Counterclaimant,
**USAA LIFE INSURANCE COMPANY, INC.**

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MARIELLEN M. WALLACE, an individual, | CASE NO.: 2:10-cv-01855-LRH-LRL |
| Plaintiff, | |
| vs. | **DEFENDANT/COUNTERCLAIMANT, USAA LIFE INSURANCE COMPANY INC.'S REQUIRED INITIAL DISCLOSURES PURSUANT TO Fed. Rule Civ. P. 26(a)(1)** |
| USAA LIFE GENERAL AGENCY, INC., a foreign corporation; DOES I through X and ROE CORPORATIONS I through X, | |
| Defendants. | |
| AND ALL RELATED CLAIMS | |

## DEFENDANT/COUNTERCLAIMANT, USAA LIFE INSURANCE COMPANY INC.'S REQUIRED INITIAL DISCLOSURES PURSUANT TO Fed. Rule Civ. P. 26(a)(1)

Defendant/Counterclaimant, USAA LIFE INSURANCE COMPANY (herein known as "USAA LIFE" or "Defendant") sets forth its Required Initial Disclosures in accordance with Fed. R. Civ. P. 26(a)(1)(i-iv) as follows:

1

26(a)(1)(A)(i) The name and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:

1.    Mariellen M. Wallace
      c/o John C. Courtney, Esq.
      JOHN PETER LEE, LTD.
      830 Las Vegas Blvd. South
      Las Vegas, NV 89101

      Ms. Wallace is the plaintiff and beneficiary.

2.    Alice Gearhart
      Life/Annuity Claims and Benefits Advisor
      USAA Life Insurance Company Inc.
      c/o Kathleen M. Maynard, Esq.
      Law Offices of THORNDAL, ARMSTRONG, DELK,
        BALKENBUSH & EISINGER
      1100 East Bridger Ave.
      Las Vegas, NV 89101

      Ms. Gearhart has knowledge of the insurance issues involved in this litigation.

3.    Custodian of Records and/or Person Most Knowledgeable for
      Yolanda Flores, M.D.
      2316 Charleston, Suite 277
      Las Vegas, NV 89102

      Regarding the medical records of James B. Wallace,

4.    Custodian of Records and/or Person Most Knowledgeable for
      Jason Zommick, M.D., FACS
      Urology Specialists of Nevada
      56 N. Pecos Road
      Henderson, NV 89074

      Regarding the medical records of James B. Wallace,

5.    Custodian of Records and/or Person Most Knowledgeable for
      Ramlinga Ratnasabapathy, M.D.
      Cancer/Blood Specialists of Nevada
      6190 Fort Apache
      Las Vegas, NV 89148

      Regarding the medical records of James B. Wallace,

2

6.    Custodian of Records and/or Person Most Knowledgeable for
      Examination Management Services, Inc.
      3075 E. Flamingo Road, Suite 102
      Las Vegas, NV 89121

      Regarding the medical records of James B. Wallace,

7.    Custodian of Records and/or Person Most Knowledgeable for
      Arizona Gastroenterology
      7566 N. La Cholla Blvd.
      Tucson, AZ 85741

      Regarding the medical records of James B. Wallace,

8.    Custodian of Records and/or Person Most Knowledgeable for
      Tucson Occupational Medicine
      888 Craycroft Road, Suite 150
      Tucson, AZ 85711

      Regarding the medical records of James B. Wallace,

9.    Custodian of Records and/or Person Most Knowledgeable for
      Southwest Medical Associates
      2300 W. Charleston Blvd., Suite 162
      Las Vegas, NV 89114

      Regarding the medical records of James B. Wallace,

10.   Custodian of Records and/or Person Most Knowledgeable for
      Cho Young, M.D.
      Southwest Medical Associates
      2300 W. Charleston Blvd., Suite 162
      Las Vegas, NV 89114

      Regarding the medical records of James B. Wallace,

11.   Custodian of Records and/or Person Most Knowledgeable for
      Southwest Medical Associates
      2825 Siena Heights
      Las Vegas, NV 89052

      Regarding the medical records of James B. Wallace,

12.   Custodian of Records and/or Person Most Knowledgeable for
      Antonio T. Alamo, M.D.
      56 N. Pecos Road, Suite A
      Henderson, NV 89014

      Regarding the medical records of James B. Wallace,

13.   Custodian of Records and/or Person Most Knowledgeable for
      Devanshu Thakore, M.D.
      2550 W. Charleston Blvd.
      Las Vegas, NV 89102

      Regarding the medical records of James B. Wallace,

14.   Custodian of Records and/or Person Most Knowledgeable for
      Quest Diagnostics
      4320 Burnham Avenue, Suite 144
      Las Vegas, NV 89119

      Regarding the medical records of James B. Wallace,

15.   Custodian of Records and/or Person Most Knowledgeable for
      Richard DeCarlo, PA-C
      Southwest Medical Associates
      2300 W. Charleston Blvd., Suite 162
      Las Vegas, NV 89114

      Regarding the medical records of James B. Wallace,

16.   Custodian of Records and/or Person Most Knowledgeable for
      Radiation Oncology Centers of Las Vegas
      624 S. Tonopah Drive
      Las Vegas, NV 89106

      Regarding the medical records of James B. Wallace,

17.   Custodian of Records and/or Person Most Knowledgeable for
      Nevada Orthopedic & Spine Center
      P.O. Box 36550
      Las Vegas, NV 89133

      Regarding the medical records of James B. Wallace,

18.   Custodian of Records and/or Person Most Knowledgeable for
      Associated Pathologists, Chartered
      5400 S. Rainbow Blvd.
      Las Vegas, NV 89118

      Regarding the medical records of James B. Wallace,

19.   Custodian of Records and/or Person Most Knowledgeable for
      St. Rose Dominican Hospital - Siena Campus
      3001 St. Rose Parkway
      Henderson, NV 89052

      Regarding the medical records of James B. Wallace,

20. Custodian of Records and/or Person Most Knowledgeable for
Summerlin Hospital Medical Center
657 Town Center Drive
Las Vegas, NV 89144

Regarding the medical records of James B. Wallace,

21. Custodian of Records and/or Person Most Knowledgeable for
Steinberg Diagnostic Medical Imaging Centers
2850 Siena Heights
Henderson, NV 89053

Regarding the medical records of James B. Wallace.

**26(a)(1)(A)(ii) A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

1. See attached CD with the following:

a) Claim file documents including correspondence, life insurance application and policy and medical records for James B. Wallace, bates nos. USAA-WALL 1-434.

The following documents are identified but not produced:

PRIVILEGE LOG

| Bates Nos. | Description |
|---|---|
| USAA-WALL 435-444 | Correspondence between USAA Life Insurance Company, Inc. and counsel |

**26(a)(1)(A)(iii) A copy of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

1. Not applicable

**26(a)(1)(A)(iv) For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to**

1   satisfy part or all of a judgment which may be entered in the action or to indemnify or

2   reimburse for payments made to satisfy the judgment.

3         2.  Not applicable

4         Defendant reserves the right to supplement its required initial disclosures pursuant to

5   Fed. R. Civ. P. 26(a)(1) in accordance with Fed. R. Civ. P. 26(e).

6   DATED this 7th day of January, 2011.

7

8                                    THORNDAL ARMSTRONG DELK
                                     BALKENBUSH & EISINGER
9
10                                   JAMES J. JACKSON, ESQ.
                                     KATHLEEN M. MAYNARD, ESQ.
11                                   1100 E. Bridger Avenue
                                     Las Vegas, Nevada 89101
12                                   Attorneys for Defendant/Counterclaimant
                                     USAA LIFE INSURANCE COMPANY, INC.
13

14
                         **CERTIFICATE OF SERVICE BY HAND DELIVERY**
15

16         I hereby certify that on this 7th day of January, 2011, service of the

17   aforegoing **DEFENDANT/COUNTERCLAIMANT, USAA LIFE INSURANCE COMPANY INC.'S**

18   **REQUIRED INITIAL DISCLOSURES PURSUANT TO Fed. Rule Civ. P. 26(a)(1)** was made by

19   hand delivering a true and correct copy to the address below:

20   John C. Courtney, Esq.
     JOHN PETER LEE, LTD.
21   830 Las Vegas Blvd., South
     Las Vegas, NV 89101
22   Ph (702) 382-4044
     Fax (702) 383-9950
23

24   Attorneys for Plaintiff, Mariellen M. Wallace

25

26                                   An Employee of Thorndal, Armstrong, Delk
27                                   Balkenbush & Eisinger

28

                                    6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RECEIPT OF COPY**

RECEIPT of **DEFENDANT/COUNTERCLAIMANT, USAA LIFE INSURANCE COMPANY INC.'S REQUIRED INITIAL DISCLOSURES PURSUANT TO Fed. Rule Civ. P. 26(a)(1)** is hereby acknowledged this _____ day of January, 2011.

John C. Courtney, Esq., attorney for Plaintiff or
authorized representative of JOHN PETER LEE, LTD.

7

# EXHIBIT "2"

239116

JAMES J. JACKSON, ESQ.
Nevada Bar No. 3083
KATHLEEN M. MAYNARD, ESQ.
Nevada Bar No. 10675
THORNDAL, ARMSTRONG, DELK
BALKENBUSH & EISINGER
1100 E. Bridger Avenue (89101)
P.O. Drawer 2070
Las Vegas, NV  89125-2070
Phone:  (702) 366-0622
Fax: (702) 366-0327
jjackson@thorndal.com
kmaynard@thorndal.com

Attorneys for the Defendant/Counterclaimant,
**USAA LIFE INSURANCE COMPANY, INC.**

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MARIELLEN M. WALLACE, an individual, | CASE NO.:  2:10-cv-01855-LRH-LRL |
| Plaintiff, | |
| vs. | |
| USAA LIFE GENERAL AGENCY, INC., a foreign corporation; DOES I through X and ROE CORPORATIONS I through X, | **DEFENDANT/COUNTERCLAIMANT, USAA LIFE INSURANCE COMPANY INC.'S FIRST SUPPLEMENT TO REQUIRED INITIAL DISCLOSURES PURSUANT TO Fed. Rule Civ. P. 26(a)(1)** |
| Defendants. | |
| AND ALL RELATED CLAIMS | |

Defendant/Counterclaimant, USAA LIFE INSURANCE COMPANY (herein known as "USAA LIFE" or "Defendant") sets forth its First Supplement to Required Initial Disclosures in accordance with Fed. R. Civ. P. 26(a)(1)(i-iv) as follows:

**26(a)(1)(A)(i) The name and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to**

1

support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:

22. Custodian of Records and/or Person Most Knowledgeable for Genoptix Medical Laboratory, 2110 Rutherford Road, Carlsbad, CA 92008, pertaining to the medical records of James B. Wallace.

23. Custodian of Records and/or Person Most Knowledgeable for St. Rose Dominican Hospital – San Martin Campus, 8280 W. Warm Springs Rd., Las Vegas, NV 89113, pertaining to the medical records of James B. Wallace.

24. Custodian of Records and/or Person Most Knowledgeable for Spring Valley Hospital, 5400 S. Rainbow Blvd., Las Vegas, NV 89118, pertaining to the medical records of James B. Wallace.

25. Custodian of Records and/or Person Most Knowledgeable for CVS Pharmacy, One CVS Drive, Woonsocket, RI 02895, pertaining to the pharmaceutical records of James B. Wallace.

26. Custodian of Records and/or Person Most Knowledgeable for Walgreen Company, 1901 E. Vorhees St., PO Box 4039, MS #735, Danville, IL 61834, pertaining to the pharmaceutical records of James B. Wallace.

27. Custodian of Records and/or Person Most Knowledgeable for Harmon Medical and Rehabilitation Hospital, 2170 E. Harmon Ave., Las Vegas, NV 89119, pertaining to the medical records of James B. Wallace.

28. Custodian of Records and/or Person Most Knowledgeable for National Personnel Records Center, Civilian Personnel Records, 111 Winnebago St., St. Louis, MO 63118, pertaining to the life insurance policy records of James B. Wallace.

29. Custodian of Records and/or Person Most Knowledgeable for Benefits Office for City of Tucson, PO Box 27210, Tucson, AZ 85726, pertaining to the life insurance policy records of James B. Wallace.

**26(a)(1)(A)(ii)** A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

1.   See attached CD with the following:

a)   Copy of medical records from Cancer and Blood Specialists of Nevada regarding James B. Wallace, bates nos. USAA-WALL 445-539.

b)   Copy of medical records from Urology Specialists of Nevada regarding James B. Wallace, bates nos. USAA-WALL 540-573.

c)   Copy of medical records from Alamo Medical Clinic regarding James B. Wallace, bates nos. USAA-WALL 574-588.

d)   Copy of medical records from Genoptix Medical Laboratory regarding James B. Wallace, bates nos. USAA-WALL 589-612.

e)   Copy of medical records from Spring Valley Hospital regarding James B. Wallace, bates nos. USAA-WALL 613-662.

f)   Copy of medical records from St. Rose Dominican Hospital – San Martin Campus regarding James B. Wallace, bates nos. USAA-WALL 663-1697.

g)   Copy of pharmaceutical records from CVS Pharmacy regarding James B. Wallace, bates nos. USAA-WALL 1698-1700.

h)   Copy of life insurance policy records from City of Tucson Benefits Office regarding James B. Wallace, bates nos. USAA-WALL 1701-1713.

i)   Copy of medical records from Summerlin Hospital Medical Center regarding James B. Wallace, bates nos. USAA-WALL 1714-1888.

j)   Copy of medical records from Southwest Medical Associates regarding James B. Wallace, bates nos. USAA-WALL 1889-2238.

k)   Copy of radiology records from Steinberg Diagnostic Imaging regarding James B. Wallace, bates nos. USAA-WALL 2239-2268.

l)   Copy of pharmaceutical records from Walgreen Company regarding James B. Wallace, bates nos. USAA-WALL 2269-2281.

m)   Copy of medical records from Quest Diagnostics regarding James B. Wallace, bates nos. USAA-WALL 2282-2558.

n)   Copy of medical records from Arizona Gastroenterology regarding James B. Wallace, bates nos. USAA-WALL 2559-2562.

o)   Copy of medical records for Nevada Orthopedic & Spine Center regarding James B. Wallace, bates nos. USAA-WALL 2563-2594.

p)   Copy of life insurance policy records from National Personnel Center regarding James B. Wallace, bates nos. USAA-WALL 2595-2614.

q)   Copy of medical records from Harmon Medical and Rehabilitation Hospital regarding James B. Wallace, bates nos. USAA-WALL 2615-2899.

r)   Copy of investigation documents from Examination Management Services including CD with recorded telephone interview with James B. Wallace, bates nos. USAA-WALL 2900-2927.

**26(a)(1)(A)(iii) A copy of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

1.   Not applicable

**26(a)(1)(A)(iv) For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to**

1  satisfy part or all of a judgment which may be entered in the action or to indemnify or

2  reimburse for payments made to satisfy the judgment.

3      2.  Not applicable

4      Defendant reserves the right to supplement its required initial disclosures pursuant to

5  Fed. R. Civ. P. 26(a)(1) in accordance with Fed. R. Civ. P. 26(e).

6  DATED this ____9th____ day of June, 2011.

7

8                    THORNDAL ARMSTRONG DELK
                  BALKENBUSH & EISINGER

9

10                    JAMES J. JACKSON, ESQ.

11                    KATHLEEN M. MAYNARD, ESQ.
                  1100 E. Bridger Avenue

12                    Las Vegas, Nevada 89101
                  Attorneys for Defendant/Counterclaimant

13                    USAA LIFE INSURANCE COMPANY, INC.

14

15              **CERTIFICATE OF SERVICE BY HAND DELIVERY**

16

17      I hereby certify that on this ____9th____ day of June, 2011, service of the aforegoing

18  **DEFENDANT/COUNTERCLAIMANT, USAA LIFE INSURANCE COMPANY INC.'S FIRST**

19  **SUPPLEMENT TO REQUIRED INITIAL DISCLOSURES PURSUANT TO Fed. Rule Civ. P.**

    **26(a)(1)** was made by hand delivering a true and correct copy to the address below:

20

21  John C. Courtney, Esq.
JOHN PETER LEE, LTD.

22  830 Las Vegas Blvd., South
Las Vegas, NV 89101

23  Ph (702) 382-4044
Fax (702) 383-9950

24

25  Attorneys for Plaintiff, Mariellen M. Wallace

26

27  _____
An Employee of Thorndal Armstrong, Delk

28  Balkenbush & Eisinger

## RECEIPT OF COPY

RECEIPT of **DEFENDANT/COUNTERCLAIMANT, USAA LIFE INSURANCE COMPANY INC.'S FIRST SUPPLEMENT TO REQUIRED INITIAL DISCLOSURES PURSUANT TO Fed. Rule Civ. P. 26(a)(1)** is hereby acknowledged this _____ day of June, 2011.

John C. Courtney, Esq., attorney for Plaintiff or authorized representative of JOHN PETER LEE, LTD.

**EXHIBIT "3"**

1  JAMES J. JACKSON, ESQ.
   Nevada Bar No. 3083
2  KATHLEEN M. MAYNARD, ESQ.
   Nevada Bar No. 10675
3  THORNDAL, ARMSTRONG, DELK
   BALKENBUSH & EISINGER
4  1100 E. Bridger Avenue (89101)
   P.O. Drawer 2070
5  Las Vegas, NV  89125-2070
   Phone: (702) 366-0622
6  Fax: (702) 366-0327
7  jjackson@thorndal.com
   kmaynard@thorndal.com
8
   Attorneys for the Defendant/Counterclaimant,
9  **USAA LIFE INSURANCE COMPANY, INC.**

10                 UNITED STATES DISTRICT COURT

11                  FOR THE DISTRICT OF NEVADA

12

13  MARIELLEN M. WALLACE, an
    individual,                              CASE NO.: 2:10-cv-01855-LRH-LRL
14
                    Plaintiff,
15
    vs.
16                                           **DEFENDANT/COUNTERCLAIMANT, USAA LIFE
    USAA LIFE GENERAL AGENCY,                INSURANCE COMPANY INC.'S THIRD
17  INC., a foreign corporation; DOES I      SUPPLEMENT TO REQUIRED INITIAL
    through X and ROE CORPORATIONS           DISCLOSURES PURSUANT TO Fed. Rule Civ.
18  I through X,                             P. 26(a)(1)**
19                  Defendants.
20
21  AND ALL RELATED CLAIMS
22
23
24          Defendant/Counterclaimant, USAA LIFE INSURANCE COMPANY (herein known as

25  "USAA LIFE" or "Defendant") sets forth its Third Supplement to Required Initial Disclosures in

26  accordance with Fed. R. Civ. P. 26(a)(1)(i-iv) as follows:

27          **26(a)(1)(A)(i) The name and if known, the address and telephone number of each**

28  **individual likely to have discoverable information that the disclosing party may use to**

                                        1

support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:

None

26(a)(1)(A)(ii) A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

1.   See Exhibit T:

t)   See the attached documents bates nos. USAA-WALL 8739-8748.

26(a)(1)(A)(iii) A copy of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

1.   Not applicable

26(a)(1)(A)(iv) For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

2.   Not applicable

///
///
///
///
///

Defendant reserves the right to supplement its required initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) in accordance with Fed. R. Civ. P. 26(e).

DATED this 19th day of July, 2011.

THORNDAL ARMSTRONG DELK
BALKENBUSH & EISINGER

JAMES J. JACKSON, ESQ.
KATHLEEN M. MAYNARD, ESQ.
1100 E. Bridger Avenue
Las Vegas, Nevada 89101
Attorneys for Defendant/Counterclaimant
USAA LIFE INSURANCE COMPANY, INC.

## CERTIFICATE OF SERVICE BY FAX AND MAIL

I hereby certify that on this 19th day of July, 2011, service of the aforegoing **DEFENDANT/COUNTERCLAIMANT, USAA LIFE INSURANCE COMPANY INC.'S THIRD SUPPLEMENT TO REQUIRED INITIAL DISCLOSURES PURSUANT TO Fed. Rule Civ. P. 26(a)(1)** was made by fax and by mailing a true and correct copy to the address below:

John C. Courtney, Esq.
JOHN PETER LEE, LTD.
830 Las Vegas Blvd., South
Las Vegas, NV 89101
Ph (702) 382-4044
Fax (702) 383-9950

Attorneys for Plaintiff, Mariellen M. Wallace

An Employee of Thorndal, Armstrong, Delk
Balkenbush & Eisinger

3

# EXHIBIT T

| | |
|---|---|
| **Gearhart, Alice** | |
| From: | Gearhart, Alice |
| Sent: | Friday, February 13, 2009 1:46 PM |
| To: | Morris, Pete |
| Cc: | Murray, Monica |
| Subject: | Confidential: Wallace |

## CONFIDENTIAL -COMMUNICATION

This email and any attachments are confidential and may be the subject of legal professional privilege. If you are not the intended recipient, any use, disclosure or copying of this document is unauthorized. If you have received this document in error, please immediately notify the sender by calling (210) 456-9058 and delete this email from your computer. Thank you.

RE:
USAA Member: James Wallace
USAA Number: 148 18 54
Contract Number: A337518511

Policy Information:
Policy Type: 10 Year Level Term
Benefit Amount: $500,000
Application Date: 8-26-2007
Effective Date: 09-25-2007
Contract State: NV
Residence State: NV
NAIC Model Reg: not a replacement

Beneficiary: Mariellen Wallace
Date of Birth: 06-28-1953
Date of Death: 09-13-2008

Claim Summary: Contestable death claim on a 55 year male. Cause of death testicular lymphoma.

Medical Summary: Disclosed medical history: asthma as a child in 1953 last episode 1967, diagnostic tests disclosed: colonoscopy 11-2004, x-ray of right shoulder 10-2004, urine test 9-2006. Consulted provider not previously disclosed: orchitis (no date listed).

Undisclosed medical history: 6-16-2007 visit to Dr Flores for right testicle pain and swelling, Ultrasound 6-20-07 enlarged right testicle, possibilities included orchitis, torsion which spontaneously resolved or underlying neoplasm are not excluded. 7-3-2007 Ultrasound #2 same findings as above, possible orchitis, neoplastic process could not be ruled out. Referred to Urologist Dr Zommick. 8-23-2007 Ultrasound #3 still could not rule out neoplasm. 8-27-2007 Dr Zommick recommended orchiectomy of the right testicle. 9-24-2007 preop blood work, 9-26-2007 preop clearance with Dr Flores.

Current Investigation: Waiting on records from Alamo Medical Clinic

Requests/Recommendation: Please review the non-disclosed medical history and testing that the insured was going thru during the application process. The medical records are all in portal. Would this have altered the issue of this contract? Please let me know if you need any additional information.

USAA-WALL 8739

Gearhart, Alice

From:       Morris, Pete
Sent:       Tuesday, February 17, 2009 1:09 PM
To:         Gearhart, Alice
Cc:         Murray, Monica; Egan, Mike; Belko, Michael; Morris, Pete
Subject:    RE: Confidential: Wallace, # 1461854

HI Alice,

I have completed my review of this case.

During the interview, the member did not admit to receiving regular medical consultation but in fact he had the following consultations during the entire underwriting process:

- 6/16/07 consult for swollen testicle treated with antibiotics. He was referred to Dr. Bui for testicular ultrasound which was done and found finding consistent with resolved partial torsion or an orchitis.
- On 6/20/07 radiologist interpretation of ultrasound indicated differential possibilities include orchitis; torsion which spontaneously resolved or underlying neoplasm are not excluded.
- 7/03/07 he saw Dr. Yolanda Flores –notes indicate right testicular enlargement. Recheck ultrasound and follow up with urology next week.
- 7/09/07 Urology Specialist Dr. Zommick – notes indicate follow up for orchitis, tumor marker tests in normal range. Letter to Dr. Flores indicates Dr. Zommick felt this was orchitis and not testicular cancer.
- 8/21/08 repeat ultrasound comparison study of 07/03/07 and 06/16/07 finding indicated may represent persistent Orchitis – suggest follow up to exclude possible neoplastic process.
- 8/27/07 – persistent R orchitis – plan R orchiectomy
- 07/09/07
- 09/24/07 pre-op labs completed.
- 09/26/07 preop clearance with Dr Flores.

When completing the Teleinterview the member should have answered "Yes" to the following questions but instead answered "No".

- Has any insured ever consulted with a health care provider for disorder of the prostate or reproductive system?
- Is any insured currently taking prescription medication not previously disclosed (possibly was still on antibiotics).

The member gave an incomplete answer when asked if any insured within the past five years had an electrocardiogram, X-ray or any other diagnostic test or procedure that was not previously disclosed as he did not admit to the testicular ultrasound completed on 6/20/07.

USAA-WALL 8740

Our application also requires proposed insured's to notify us if the health and insurability of each person is no longer as stated in this application. When he was told he would have to have an orchiectomy he should have notified us.

The member, when answering the question about consulting a health care provider for any reason not previously disclosed told us that he had orchitis, but no additional details were captured. Since he also indicated that he was not currently receiving any regular consultation and did not admit to recent ultrasounds etc., the Underwriter most likely felt that this was distant history and did not pursue additional information to determine when this occurred etc.

Had this member completely and honestly advised of the recent medical consultations and ultrasounds for or ongoing likely orchitis we would not have issued this policy. Our underwriting guidelines call for postponing an application if orchitis is present .

I am in the process of obtaining the recorded Teleinterview to ensure all information was captured correctly – I will let you know once that has been received and the results.

Thanks and please let me know if you have questions, comments or concerns.


Pete Morris, FALU
Principal Underwriter
USAA Life Insurance Company
1-800-235-8741 ext. - 69436


From: Gearhart, Alice
Sent: Friday, February 13, 2009 1:46 PM
To: Morris, Pete
Cc: Murray, Monica
Subject: Confidential: Wallace

### CONFIDENTIAL –COMMUNICATION

This email and any attachments are confidential and may be the subject of legal professional privilege. If you are not the intended recipient, any use, disclosure or copying of this document is unauthorized. If you have received this document in error, please immediately notify the sender by calling (210) 456-9056 and delete this email from your computer. Thank you.

RE:
USAA Member: James Wallace
USAA Number: 146 18 54
Contract Number: A337518511

Policy Information:
Policy Type: 10 Year Level Term
Benefit Amount: $500,000
Application Date: 6-28-2007
Effective Date: 09-25-2007

Beneficiary: Mariellen Wallace
Date of Birth: 06-28-1963
Date of Death: 09-13-2008

USAA-WALL 8741

Contract State: NV
Residence State: NV
NAIC Model Reg: not a replacement

Claim Summary: Contestable death claim on a 65 year male. Cause of death testicular lymphoma.

Medical Summary: Disclosed medical history: asthma as a child in 1953 last episode 1987, diagnostic tests disclosed: colonoscopy 11-2004, x-ray of right shoulder 10-2004, urine test 9-2006. Consulted provider not previously disclosed: orchitis (no date listed).

Undisclosed medical history: 6-18-2007 visit to Dr Flores for right testicle pain and swelling, Ultrasound 6-20-07 enlarged right testicle, possibilities included orchitis, torsion which spontaneously resolved or underlying neoplasm are not excluded. 7-3-2007 Ultrasound #2 same findings as above, possible orchitis, neoplastic process could not be ruled out. Referred to Urologist Dr Zommick. 8-23-2007 Ultrasound #3 still could not rule out neoplasm. 8-27-2007 Dr Zommick recommended orchiectomy of the right testicle. 9-24-2007 preop blood work, 9-26-2007 preop clearance with Dr Flores.

Current Investigation: Waiting on records from Alamo Medical Clinic

Requests/Recommendation: Please review the non-disclosed medical history and testing that the insured was going thru during the application process. The medical records are all in portal. Would this have altered the issue of this contract? Please let me know if you need any additional information.


*Alice Gearhart*
*USAA Life Insurance and Investment Services*
*X69056*

USAA CONFIDENTIAL AND PROPRIETARY INFORMATION

**Gearhart, Alice**

| | |
|---|---|
| From: | Morris, Pete |
| Sent: | Thursday, February 19, 2009 4:08 PM |
| To: | Gearhart, Alice |
| Cc: | Murray, Monica; Egan, Mike; Belko, Michael; Morris, Pete |
| Subject: | RE: Confidential: Wallace,# 1461854 |

Attachments: 06-29-07 03-49-10p USAA91129 James Wallace mbr# 1461854.wav

HI Alice,

I have now listened to the recorded teleinterview and would like to submit the following -- please destroy the previous email.

During the interview, after initially answering "No" to the question asking if any insured consulted a health care provider for any reason not previously disclosed he did later disclose that two weeks prior he had gone to "Urgent Care" for an inflamed testicle -- "orchitis". He also disclosed that he had another test that was previously not disclosed and told us about a urinalysis he had for employment purposes in 09 of 2006. He did not mention the urinalysis he had on 6/16/07 or the ultrasound done that same day (just days prior to applying for life insurance).

When completing the Teleinterview the member should have answered "Yes" to the following questions but instead answered "No".

- Has any Insured ever consulted with a health care provider for disorder of the prostate or reproductive system?
- Is any Insured currently taking prescription medication not previously disclosed (he started Cipro on 6/16/07 1 every 12 hours, quantity 28 which would mean he had a 14 day course of antibiotics and was still taking when completing the Teleinterview. The same is true for the Naproxen.

The member should have admitted to the ultrasound when asked if any insured within the past 5 years had an electrocardiogram, X-ray, or any other diagnostic test or procedure that was not previously disclosed. He remembered a distant X-ray and a distant urinalysis, but not something done just days earlier.

Our application requires proposed insured's/applicants to notify us if the "health and insurability of each person is no longer as stated in this application". He should have told us when he was told of the plan to do the orchiectomy and also of the following on going follow up consults and tests:

- 7/03/07 he saw Dr. Yolanda Flores –notes indicate right testicular enlargement. Recheck ultrasound and follow up with urology next week.
- 7/09/07 Urology Specialist Dr. Zommick – notes indicate follow up for orchitis, tumor marker tests in normal range. Letter to Dr. Flores indicates Dr. Zommick felt this was orchitis and not testicular cancer.
- 8/21/08 repeat ultrasound comparison study of 07/03/07 and 06/16/07 finding indicated may represent persistent Orchitis – suggest follow up to exclude possible neoplastic process.

USAA-WALL 8743

- 8/27/07 – persistent R orchitis – plan R orchiectomy
- 09/24/07 pre-op labs completed.
- 09/26/07 preop clearance with Dr Flores.

Although the member told us of his "orchitis" two weeks prior to doing the interview, he did not admit to any tests or treatment so the Underwriter could have assumed the condition had resolved and therefore did not pursue any additional information or medical records. Had the member notified us of the ongoing consultations and ultrasounds/tumor marker tests etc. and finally the plan to remove his right testicle, we would not have issued the policy. Our underwriting guidelines call for postponing an application if orchitis is present.

Thanks and please let me know if you have questions, comments or concerns. We should consider holding a meeting with legal to discuss this case.



06-29-07
49-10p USAA91125

Pete Morris, FALU
Principal Underwriter
USAA Life Insurance Company
1-800-235-8741 ext. -69436

---

**From:** Gearhart, Alice
**Sent:** Friday, February 13, 2009 1:46 PM
**To:** Morris, Pete
**Cc:** Murray, Monica
**Subject:** Confidential: Wallace

### CONFIDENTIAL -COMMUNICATION

This email and any attachments are confidential and may be the subject of legal professional privilege. If you are not the intended recipient, any use, disclosure or copying of this document is unauthorized. If you have received this document in error, please immediately notify the sender by calling (210) 456-9056 and delete this email from your computer. Thank you.

RE:
USAA Member: James Wallace
USAA Number: 146 18 54
Contract Number: A337518511

Policy Information:
Policy Type: 10 Year Level Term        Beneficiary: Mariellen Wallace
Benefit Amount: $500,000                Date of Birth: 08-28-1953
Application Date: 6-26-2007             Date of Death: 09-13-2008
Effective Date: 09-25-2007

USAA-WALL 8744

Contract State: NV
Residence State: NV
NAIC Model Reg: not a replacement

<u>Claim Summary</u>: Contestable death claim on a 55 year male. Cause of death testicular lymphoma.

<u>Medical Summary:</u> Disclosed medical history: asthma as a child in 1953 last episode 1967, diagnostic tests disclosed: colonoscopy 11-2004, x-ray of right shoulder 10-2004, urine test 9-2006. Consulted provider not previously disclosed: orchitis (no date listed).

Undisclosed medical history: 8-16-2007 visit to Dr Flores for right testicle pain and swelling, Ultrasound 8-20-07 enlarged right testicle, possibilities included orchitis, torsion which spontaneously resolved or underlying neoplasm are not excluded. 7-3-2007 Ultrasound #2 same findings as above, possible orchitis, neoplastic process could not be ruled out. Referred to Urologist Dr Zommick. 8-23-2007 Ultrasound #3 still could not rule out neoplasm. 8-27-2007 Dr Zommick recommended orchiectomy of the right testicle. 9-24-2007 preop blood work, 9-26-2007 preop clearance with Dr Flores.

<u>Current Investigation</u>: Waiting on records from Alamo Medical Clinic

<u>Requests/Recommendation:</u> Please review the non-disclosed medical history and testing that the insured was going thru during the application process. The medical records are all in portal. Would this have altered the issue of this contract? Please let me know if you need any additional information.


*Alice Gearhart*
*USAA Life Insurance and Investment Services*
*X69056*

USAA CONFIDENTIAL AND PROPRIETARY INFORMATION

USAA-WALL 8745

Case 2:10-cv-01855-LRH-VCF   Document 28   Filed 10/12/11   Page 35 of 38

*Alice Gearhart*
*USAA Life Insurance and Investment Services*
*X69056*

USAA CONFIDENTIAL AND PROPRIETARY INFORMATION

USAA-WALL 8746

**Gearhart, Alice**

| | |
|---|---|
| **From:** | Decker, Lisa |
| **Sent:** | Friday, September 19, 2008 11:08 AM |
| **To:** | Gearhart, Alice |
| **Subject:** | RE: Confidential: New Business Control |

| Type | Create Date | Created By | Description |
|---|---|---|---|
| Underwriting | 9/17/2007 8:54:58 AM | Kim Wilhoite | APS--Dr. Alamo: check up 8-07 only<br>8-07 Lab: ok, chol 222H, glucose 97, no A1C<br>EKG: ner.<br>Last colonoscopy--3 yrs ago: nl per pt.<br>h/o exercise induced asthma--stable,<br>followed for retinal hemorrhage. .<br><br>IGT per ins lab--glucose: nl.--A1C 6.2--1 cardio risk factor (high chol)----std.<br><br>PRF-->--------no pul due to aviation and elevated A1C 6.2--IGT |
| Underwriting | 9/13/2007 3:42:27 PM | Leigh Ann Sem | aps here, sending to mass |
| Underwriting | 7/23/2007 2:35:28 PM | Katy Luebke | mib nsp<br>exam - 6/07 routine pe / nl<br>blood - a1c 6.2 - prf<br>ecg wnl<br><br>avie - pleasure flying..cessna. 400 total civ hrs-prf<br><br>labs: IGT, prf<br>aps dr tony alamo |

**From:** Gearhart, Alice
**Sent:** Friday, September 19, 2008 10:58 AM
**To:** Decker, Lisa
**Subject:** Confidential: New Business Control

Hi Lisa,

I need the new business control sheet for 1461854 James Wallace for contract A337518511, we have received notice of his death.

Thanks!


*Alice Gearhart*
*USAA Life Insurance and Investment Services*
*X69056*


USAA CONFIDENTIAL AND PROPRIETARY INFORMATION

USAA-WALL 8748

RECEIVED
JUL 19 2011
JOHN PETER LEE

**THORNDAL, ARMSTRONG, DELK, BALKENBUSH & EISINGER**
1100 East Bridger
Las Vegas, NV 89101
(702) 366-0622
FAX No. (702) 366-0327

**FAX TRANSMITTAL COVER SHEET**

July 19, 2011

TO: John Peter Lee, Esq.
John C. Courtney, Esq.
JOHN PETER LEE LTD

FAX NO. 702-383-9950

FROM: Kathleen M. Maynard

RE: Wallace v. USAA

TOTAL NUMBER OF PAGES TRANSMITTED: 15 (including cover sheet)

Please call Elke at (702) 366-0622 x226, if not transmitted properly.

**COMMENTS:** *Defendant/Counter-Claimant USAA Life Insurance Company Inc.'s Third Supplement to Required Initial Disclosures*

NOTICE OF CONFIDENTIALITY

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENT(S) ABOVE NAMED. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR AN AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL AT OUR EXPENSE. THANK YOU FOR YOUR COOPERATION IN THIS REGARD