UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARIELLEN M. WALLACE, an individual,

    Plaintiff,

v.

U.S.A.A. LIFE GENERAL AGENCY, INC., a foreign corporation; DOES I through X and ROE CORPORATIONS I through X,

    Defendants.

2:10-CV-01855-LRH-VCF

ORDER

        Before the court is Defendant USAA Life Insurance Company, Inc.'s ("USAA")[1] Motion for Summary Judgment (#18[2]). Plaintiff Mariellen M. Wallace filed a consolidated Opposition and Countermotion for Summary Judgment (#22-23), USAA filed a reply (#24) and a cross-opposition (#26), and Plaintiff filed a cross-reply (#32).

        Also before the court are three additional motions: first, Plaintiff's Motion to Strike USAA's Summary Judgment Motion (#29), along with USAA's opposition (#35) and Plaintiff's reply (#36); second, Plaintiff's Motion in Limine #1 (#28), along with USAA's opposition (#33); and third, Plaintiff's Motion in Limine #2 (#30), along with USAA's opposition (#34).

---

[1] USAA is incorrectly named in the complaint as U.S.A.A. Life General Agency, Inc.

[2] Refers to the court's docket entry number.

## I.     Facts and Procedural History

This action involves USAA's denial of Plaintiff's claim for life insurance benefits based on the insurer's contention that Plaintiff's deceased husband's life insurance application contained misrepresentations and omissions that were material to the issuance of the $500,000 policy.  More specifically, USAA contends that Mr. Wallace failed to disclose medical testing and treatment occurring between his application date and the issuance of the policy and that he answered certain questions incorrectly on his application.

Plaintiff counters that her husband fully disclosed his pertinent health condition, particularly orchitis, disclosed his health care provider's contact information, and provided the insurer with an authorization to contact his health care providers.  She further contends that her husband's condition did not change and that any undisclosed tests or procedures related to the condition were immaterial, particularly given the disclosure of the condition itself and that her husband was already classified at an elevated risk level based on other disclosed factors, including medical conditions, age and activities.

Following the USAA's denial of her claim, on September 21, 2010, Plaintiff filed her complaint in state court alleging five causes of action for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) breach of fiduciary duty, (4) insurance bad faith, and (5) declaratory relief, all based on USAA's failure to make prompt payment of benefits under the policy.  On October 22, 2010, USAA removed the action on the basis of this court's diversity jurisdiction.  Following discovery, USAA now moves for summary judgment (#18), and Plaintiff opposes and cross-moves for summary judgment (#22, #23).  Plaintiff also moves to strike USAA's motion as based on the testimony of an expert witness the Magistrate Judge has since disqualified (#27) and other witnesses that were not properly disclosed during discovery.  Plaintiff also moves to exclude those improperly disclosed witnesses (#28), as well as improperly disclosed documents (#30).

**II.    Evidentiary Motions**

   **A. Plaintiff's Motion in Limine #1 (#28)**

Plaintiff's first motion in limine seeks to exclude three witnesses—Peter Morris, Katy Luebke and Kim Wilhoite—as undisclosed or improperly disclosed during discovery. Morris is USAA's principal underwriter and the person who, following the insured's death and Plaintiff's claim for benefits, reviewed the insured's insurance application and undisclosed medical history and determined that USAA would not have issued the life insurance policy had it known the correct information—*i.e.*, that the inaccuracies and omissions were material. Luebke and Wilhoite are the underwriters that reviewed the insured's application before issuance of the policy.

As part of a party's initial disclosures in discovery, the party "must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Such initial disclosures must be made "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." Fed. R. Civ. P. 26(a)(1)(C). Furthermore, "[a] party must make its initial disclosures based on information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case . . . ." Fed. R. Civ. P. 26(a)(1)(E).

Here, USAA issued its Rule 26(a)(1)(A)(i) initial disclosure of witnesses on January 7, 2011, and two supplemental witness disclosures on June 9, 2011 and July 19, 2011, the discovery cut-off date. None of these disclosures list Morris, Luebke or Wilhoite.

USAA points instead to its disclosure of Morris in its Answers to Interrogatories, which it issued along with its second supplemental witness disclosure on the discovery cut-off date, July 19, 2011. In response to Interrogatory No. 1, requesting the identities of "every person who had any

3

involvement in handling the claim that is the subject of this lawsuit," USAA listed "Pete Morris" and others listed as "individuals [that] were involved in certain aspects of processing the claim." (Doc. #33-2, pp. 2-3.)

Regarding Luebke and Wilhoite, USAA has never specifically identified them as potential witnesses or even as persons with knowledge. Instead, their names appeared only in the bodies of documents disclosed in USAA's response to Plaintiff's request for production of documents and as part of USAA's supplemental Rule 26 disclosures, both of which were issued on the discovery cut-off date, July 19, 2011.

As to Luebke and Wilhoite, the court finds that USAA has never properly identified either individual as a potential witness in compliance with Rule 26. The mere appearance of their names within documents disclosed on the discovery cut-off date[3] is plainly insufficient to satisfy the requirements of Rule 26 for identifying potential witnesses. Such disclosure was purely incidental. USAA has never identified Luebke or Wilhoite as persons likely to have discoverable information, nor made any indication that they are witnesses that USAA "may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i) (also requiring disclosure of each witness' name, address, telephone number, and subjects of the discoverable information they are likely to have).

The court also finds that USAA failed to comply with the plain requirements of Rule 26(a)(1) as to Morris, USAA's principal underwriter, notwithstanding USAA's identification of Morris in its Answers to Interrogatories at the close of discovery. Like Luebke and Wilhoite, Morris was never disclosed as a potential defense witness in any of USAA's initial or supplemental Rule 26 disclosures. Even in USAA's Answers to Interrogatories, USAA identified Morris only as

---

[3]Regarding the timing of USAA's discovery responses, the court disapproves of USAA's obfuscation that it responded "prior to the close of discovery and a month before USAA's summary judgment motion." In fact, the disclosures were made *on* the discovery cut-off date, leaving Plaintiff no opportunity to conduct further discovery as to any witness disclosed on that date. Also, that a month passed before USAA filed its summary judgment motion is entirely irrelevant, as discovery had already closed.

4

a person "involved in certain aspects of processing the claim." He was never identified by USAA as a potential witness that it "*may use* to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). USAA's intent to use Morris as a defense witness was not revealed until after the close of discovery, when USAA filed a motion for summary judgment that relies extensively on Morris' affidavit and no other witness to establish the materiality of the insured's alleged misstatements and omissions—the very core of the parties' dispute.

Moreover, beside USAA's failure to comply with the substantive requirements of Rule 26(a)(1)(A)(i), USAA's identification of Morris at the close of discovery was untimely under Rule 26(a)(1)(C). USAA has presented no grounds to avoid its obligation to disclose a known, key witness like Morris in its initial disclosures. Not only is USAA "not excused from making its disclosures because it has not yet fully investigated the case," here there is no question that Morris' identity, involvement and significance to Plaintiff's claims and USAA's defense was "reasonably available" to USAA at all stages of this case. Fed. R. Civ. P. 26(a)(1)(E). Morris was USAA's principal underwriter and was centrally involved in the denial of Plaintiff's claim for benefits. He personally reviewed Plaintiff's claim for benefits and the insured's disclosed and undisclosed medical information, and he personally made the determination that misstatements and omissions were made and that they were material, justifying denial of Plaintiff's claim. In its briefing on summary judgment, USAA admits as much (*see* Doc. #24 (Reply), p. 16) and accordingly presents the testimony of Morris and no other witness in support of its arguments on the central issue of materiality. On these facts, USAA's obligation to disclose Morris as a potential defense witness in its initial disclosures at the outset of discovery is plain. Its mere identification of Morris in a non-Rule 26 disclosure at the close of discovery is therefore untimely.

Such untimeliness is not excused by Rule 26(e), which requires prompt supplemental or corrective disclosures where a party "learns that in some material respect [a prior] disclosure or response is incomplete or incorrect." Rule 26(e) does not dispense with the substantive disclosure

requirements of Rule 26(a), which the court has already concluded USAA has failed to satisfy. Moreover, there is nothing in the record to support the notion that USAA's identification of Morris in its Answers to Interrogatories at the close of discovery was either intended as a Rule 26(e) supplemental disclosure, or that it was justified as such because of some late realization on USAA's part that its prior Rule 26 disclosures were incomplete or incorrect. Indeed, USAA omitted Morris' name from its supplemental Rule 26 witness disclosure that it filed the same day as its Answers to Interrogatories. Simply put, USAA's disclosure was not a Rule 26 disclosure at all.

The court rejects USAA's argument that the fault of its failures to comply with Rule 26 lies with Plaintiff rather than itself, because Plaintiff did not depose the defense witnesses USAA did disclose or submit any discovery requests until late in the process. USAA's argument is directly contrary to the purpose and text of Rule 26(a)(1)(A), which expressly mandates disclosures "without awaiting a discovery request."

The court also rejects USAA's argument that the requirements of Rule 26(a) were only triggered "if a decision was made" that certain individuals "would be used" to support its claims or defenses. This argument is also contrary to the purpose and text of Rule 26(a), which expressly provides that parties must disclose any witnesses likely to have discoverable information that the party "may use" to support its claims or defenses, that the party must make such disclosures "based on the information then reasonably available to it," and that the lack of a full investigation is no excuse. Fed. R. Civ. P. 26(a)(1)(A)(i), (E). USAA's construction would eviscerate the rule's mandatory nature and make disclosures subject to a party's whim.

The court further concludes that USAA's failure to comply with its Rule 26 obligations as to Morris, Luebke and Wilhoite is not excused as "substantially justified or . . . harmless." Fed. R. Civ. P. 37(c)(1). The court has already rejected as illegitimate USAA's attempt to justify its non-compliance by assigning blame to Plaintiff and by obfuscating as to the timing of its disclosures. Accordingly, for the reasons discussed above, the court finds that USAA has failed to provide any

*legitimate* justification for delaying its identification of these witnesses until the close of discovery, or for failing to make, in substance, any Rule 26 disclosure as to these witnesses. The court also rejects USAA's argument that its non-compliance was harmless. USAA's argument, that it should be permitted to use its non-disclosed witnesses because its disclosed witnesses could have provided the same information if deposed, is a non sequitur and a thinly-veiled attempt to again assign the responsibility to Plaintiff for its own violations of Rule 26. The court also finds little support for USAA's questionable assertion that these witnesses are so readily replaceable. Luebke and Wilhoite were the underwriters that personally reviewed the insurance application in this case; and Morris is USAA's principal underwriter and personally reviewed Plaintiff's claim and determined that the insured's misrepresentations and omissions were material to USAA's issuance of the policy. In any event, if the disclosed witnesses identified by USAA are indeed adequate substitutes, then USAA should have no difficulty proceeding without Morris, Luebke and Wilhoite.

The court therefore concludes that, based on USAA's failure to comply with its Rule 26 obligations as to Morris, Luebke and Wilhoite, USAA "is not allowed to use [these witnesses] to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). Plaintiff's Motion in Limine #1 to exclude these witnesses shall be granted accordingly. In recognition of the severity of such a sanction, Plaintiff's further request for attorney's fees related to the presentation of this motion is denied.

### B. Plaintiff's Motion in Limine #2 (#30)

Plaintiff's second motion in limine seeks to exclude certain documents—USAA – WALL 8739-48—as improperly disclosed on the last day of discovery. Such documents include internal USAA emails pertaining to the review of Plaintiff's claim for benefits, including principal underwriter Peter Morris' detailed review and determination that the insured made material misstatements and omissions. Again, such evidence goes to the heart of USAA's denial of Plaintiff's claim and the central issue of materiality in this litigation.

Along with the disclosure of potential witnesses, a party's initial disclosures under Rule 26(a) must also include documents "that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). USAA disclosed the documents at issue in response to Plaintiff's request for production of documents and as part of USAA's supplemental Rule 26 disclosures. As above, however, such disclosures were not made until the discovery cut-off date, without any explanation for USAA's failure to include them in its initial Rule 26 disclosures.

USAA's arguments in opposition to Plaintiff's motion to exclude these documents are substantially identical to the arguments addressed and rejected above regarding USAA's improperly and untimely disclosed witnesses. Accordingly, for substantially the same reasons discussed above, the court finds that USAA failed to comply with its obligations to make timely initial disclosures at the outset of discovery under Rule 26(a), and that such non-compliance is without substantial justification and is not harmless. USAA is therefore precluded from using these documents to supply evidence on a motion, at a hearing, or at a trial, Fed. R. Civ. P. 37(c)(1), and Plaintiff's Motion in Limine #2 will be granted accordingly. Once again, in recognition of the severity of this sanction, Plaintiff's further request for attorney's fees is denied.

**C. Plaintiff's Motion to Strike**

Plaintiff moves to strike USAA's motion for summary judgment based on its substantial reliance on witnesses and evidence not properly disclosed under Rule 26. Specifically, Plaintiff points to USAA's expert, James L. Wadhams, Esq., who has already been disqualified by the Magistrate Judge under Rules 26 and 37 (#27), as well as Morris, Luebke and Wilhoite, who this court has concluded are likewise excluded under Rules 26 and 37. In USAA's motion for summary judgment, filed before any of this court's decisions striking its witnesses, USAA relies on Wadhams' report in seeking summary judgment on Plaintiff's bad faith claim. And it relies on the

affidavit of Morris and no other witness in seeking a determination that the insured's misrepresentations and omissions were material and therefore Plaintiff is not entitled to benefits under the policy—the central issue in dispute.

It is well-established that a district court's inherent power to control its docket and to enforce its rules "includes the power to strike items from the docket as a sanction for litigation conduct." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate attorney conduct. *See Mazzeo v. Gibbons*, 2010 WL 3910072, *2 (D. Nev. 2010).

Although USAA's motion and related briefing substantially rely for their factual content on evidence this court has since excluded on Rule 26 grounds, under the particular circumstances presented the court finds it an inappropriate sanction to strike the entirety of USAA's motion. The motion itself is not in contravention of any of this court's orders, as the inadmissible evidentiary content was not excluded until after the motion was filed. Also, certain portions of the motion, such as that addressing Plaintiff's claim for breach of fiduciary duty, present purely legal issues not reliant on the excluded evidence.

The court does find it appropriate, however, to strike evidence submitted in support of the motion that the court has excluded under Rules 26 and 37, as well as to disregard those portions of USAA's motion and related briefing that are reliant on the excluded evidence. Accordingly, Exhibit 4, Affidavit of Peter Morris (#18-4); Exhibit 11, USAA-WALL 8747 (#18-11); Exhibit 13, Designation of Expert Witness James L. Wadhams (#14, *reproduced at* #18-13)[4]; and Exhibit 20, USAA-WALL 8739-45 (#25-5), are stricken. Plaintiff's motion shall be granted in this respect.

---

[4] Document #14 has already been stricken pursuant to the Magistrate Judge's Order of October 11, 2011 (#27), in which the court ordered: "the expert report of James L. Wadhams, Esq. (#14) is stricken, and defendant is not permitted to call him as a witness or use his report in support of any motion or at trial."

### III. Cross-Motions for Summary Judgment

#### A. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a

scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *Id.* at 252.

**B. Breach of Contract**

Plaintiff first claims that she and her now-deceased husband had a valid contract of insurance with USAA, and that USAA breached the policy by failing to pay benefits upon her husband's death. USAA moves for summary judgment based on two principal contentions.

First, USAA contends that the policy is voidable and may be rescinded by USAA pursuant to NRS § 687B.110, subparagraph (2) or (3), because Mr. Wallace made misrepresentations in his insurance application that either were material to the insurer's acceptance of the risk or to the hazard assumed, or would have precluded USAA's issuance of the policy.[5] However, in seeking to establish the key issues of materiality and what USAA would have done if it knew the true facts, USAA relies entirely on the testimony and documents this court has precluded USAA from relying upon based on its Rule 26 violations. (*See* Motion (#18), pp. 16-17.) Disregarding such evidence and accompanying arguments, and viewing the remaining evidence in the light most favorable to Plaintiff as the non-moving party, the court finds that USAA has failed to carry its initial burden of

---

[5]NRS § 687B.110 provides:
      All statements and descriptions in any application for an insurance policy or annuity contract, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract unless either:
      1. Fraudulent;
      2. Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
      3. The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

11

producing evidence showing the absence of any genuine issue of material fact regarding the application of NRS § 687B.110.

Second, USAA contends that no contract formation occurred because a valid condition precedent was not satisfied. USAA relies on the application provision stating that "no insurance coverage will take effect" unless "the health and insurability of each person is as stated in this application and in additional parts (if applicable), and the company is immediately notified in writing of any changes." Pointing to Mr. Wallace's medical records, USAA contends that the treatments and medical care received after he submitted his application and before the policy was delivered show a change in his health and insurability, thus not satisfying this condition precedent. The court rejects this argument, however, as USAA fails to view the evidence in the light most favorable to Plaintiff as the opposing party. While it is undisputed that Mr. Wallace received further medical treatments, it is unclear from this evidence whether the condition being treated either improved or worsened. Contrary to USAA's position, treatment of a medical condition does not necessarily equate with a change in the patient's health or insurability, particularly where as here the applicant had disclosed the medical condition being treated and was already classified at an elevated risk level based on other known factors. Summary judgment is therefore inappropriate on USAA's motion.

Summary judgment is also inappropriate on Plaintiff's cross-motion. Viewing the admissible evidence in the light most favorable to USAA as the opposing party, the court finds that a reasonable jury could conclude that Mr. Wallace's insurance application contained inaccuracies and omissions that were material to USAA's acceptance of the risk or to the hazard assumed or that would have affected USAA's issuance of the policy, or that he failed to disclose a change in his health and insurability after submitting his application and before the policy was delivered.

////

////

### C. Implied Covenant of Good Faith and Fair Dealing

Plaintiff's second cause of action is for breach of the implied covenant of good faith and fair dealing, based on USAA's failure to make prompt payment of benefits under the policy. "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr., Inc. v. Washoe County*, 784 P.2d 9, 9 (1989) (quoting Restatement (Second) of Contracts § 205). "An insurer fails to act in good faith when it refuses 'without proper cause' to compensate the insured for a loss covered by the policy." *Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 382 (Nev. 1993) (quoting *U.S. Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975)). Such misconduct "gives rise to a breach of the covenant of good faith and fair dealing" and "constitutes 'bad faith' where the relationship between the parties is that of insurer and insured." *Id.* (citing *Peterson*, *supra*).

USAA contends that it acted in good faith because the policy is void and never became effective. (*See* Motion (#18), p. 25.)  In other words, USAA relies on the same contentions the court has already addressed and rejected above in regard to Plaintiff's breach of contract claim. Furthermore, although USAA also submits the opinion of its expert witness, James L. Wadhams, that USAA's practices conformed to industry standards and state law, USAA's expert and his report have since been excluded and stricken by order of the Magistrate Judge (#27). Summary judgment is therefore inappropriate.

### D. Breach of Fiduciary Duty

As above, Plaintiff's third cause of action for breach of fiduciary duty is also based on USAA's failure to make prompt payment under the policy. Nevada recognizes that a "special relationship" exists between an insurer and its insured, and that "an insurer's duty to its policyholder is . . . 'akin' to a fiduciary relationship." *Powers v. U.S. Auto. Ass'n*, 962 P.2d 596, 602 (Nev. 1998). Nonetheless, the Nevada Supreme Court in *Powers* declined to "adopt[] a new cause of action" for breach of fiduciary duty in the insurance context and instead "merely

recogniz[ed] that breach of the fiduciary nature of the insurer-insured relationship is part of the duty of good faith and fair dealing." *Id.* at 603.  Both factually and legally, Plaintiff's third cause of action is therefore duplicative of her second and will be dismissed accordingly.

### E.  Insurance Bad Faith

Plaintiff's fourth cause of action for "insurance bad faith" is based on the same factual allegations and legal basis as her second cause of action for breach of the implied covenant of good faith and fair dealing.  *Compare* Complaint (#1-3), p. 5 (citing *Peterson*, 54 P.2d 1070), *with Pemberton*, 858 P.2d at 382 (recognizing a cause of action for breach of the implied covenant of good faith and fair dealing in the insurance context, citing *Peterson*).  Indeed, "[t]o assert a bad faith claim [in the insurance context], Nevada law requires a contractual relationship."  *Bergerud v. Progressive Cas. Ins.*, 453 F. Supp. 2d 1241, 1246 (D. Nev. 2006).  "Liability for bad faith is strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of an underlying contractual relationship.  When no contractual relationship exists, no recovery for bad faith is allowed."  *United Fire Ins. Co. v. McClelland*, 780 P.2d 193, 197 (Nev. 1989) (citations omitted).  Plaintiff's fourth cause of action is therefore fundamentally duplicative of her second for breach of the implied covenant and will be dismissed accordingly.

### F.  Punitive Damages

USAA finally moves for summary judgment on Plaintiff's prayer for punitive damages.  Although punitive damages are not awarded for breach of contract, they are available for bad faith in breach of the implied covenant of good faith and fair dealing.  *Bergurud*, 453 F. Supp. 2d at 1251 (citing *Great Am. Ins. Co. v. Gen. Builders, Inc.*, 934 P.2d 257, 263 (Nev. 1997)).  USAA moves for summary judgment to preclude such an award.

Punitive damages are available where "it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, express or implied."  NRS § 42.005(1); *see Desert Palace, Inc. v. Ace Am. Ins. Co.*, 2011 WL 810235, *5 (D. Nev. 2011).  In

14

actions "brought against an insurer who acts in bad faith regarding its obligations to provide insurance coverage," the common law definitions of oppression, fraud and malice apply. NRS § 42.005(5). "Oppression occurs when the plaintiff is subjected to 'cruel and unjust hardship in conscious disregard of his rights.'" *Desert Palace*, \*5 (quoting *Ainsworth*, 774 P.2d 1003, 1012 (Nev. 1989)). "Malice refers to conduct which is intended to injure a person or conduct with a conscious or deliberate disregard of the rights or safety of others." *Id.* (citing *Granite Constr. Co. v. Rhyne*, 817 P.2d 711, 713 (Nev. 1991)). Fraud is not alleged here.

Here, the court has excluded USAA's direct evidence submitted in support of its summary judgment motion regarding its principal underwriter's assessment of Plaintiff's entitlement to benefits. Given the limited record before the court and in fairness to USAA, it shall be entitled to oppose the consideration of punitive damages based upon the admitted evidence which shall be developed at trial. Accordingly, summary judgment will be denied on Plaintiff's prayer for punitive damages.

**IV.  Conclusion**

IT IS THEREFORE ORDERED that Plaintiff's Motion in Limine #1 (#28) and Motion in Limine #2 (#30) are GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (#29) is GRANTED in part and DENIED in part. Exhibits 4 (#18-4), 11 (#18-11), 13 (#18-13), and 20 (#14, *reproduced at* #25-5) are stricken.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (#18) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff's Countermotion for Summary Judgment (#23) is DENIED.

///

///

IT IS FURTHER ORDERED that the parties shall lodge their proposed joint pretrial order within thirty (30) days from entry of this Order. *See* Local Rule 16-4 and 26-1(e)(5).

IT IS SO ORDERED.

DATED this 29th day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE